Jesse M. Showalter (026628)
Lauren E. Channell (033484)
**ROBBINS CURTIN MILLEA & SHOWALTER, LLC**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: (602) 400-4400
Fax: (602) 265-0267
jesse@rcmslaw.com
lauren@rcmslaw.com
*Attorneys for Plaintiff Israel Devoe*

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Israel Devoe, an individual,

Plaintiff,

vs.

City of Phoenix, a municipality; Thomas Patterson, an individual; Nathan Epps, an individual; Ricky Toole, an individual; and Genner Cervantes, Jr., an individual,

Defendants.

No. _______________

**COMPLAINT**

(Tort – Civil Rights)

(Jury Trial Demanded)

Plaintiff Israel Devoe complains against Defendants City of Phoenix, Thomas Patterson, Nathan Epps, Ricky Toole, and Genner Cervantes, Jr., and alleges as follows:

## PARTIES

1. Plaintiff Israel Devoe is a resident of Maricopa County, Arizona.

2. Defendant City of Phoenix is a municipality and a political subdivision of the State of Arizona, organized and existing under the laws of the State of Arizona. It is a “state actor” as that term is used under the jurisprudence of 42 U.S.C. § 1983.

3. Defendant Thomas Patterson is an individual and a resident of Maricopa County, Arizona.

4. Defendant Nathan Epps is an individual and a resident of Maricopa County, Arizona.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

5. Defendant Ricky Toole is an individual and a resident of Maricopa County, Arizona.

6. Defendant Genner Cervantes, Jr. is an individual and a resident of Maricopa County, Arizona.

7. At all times alleged herein, Defendant Patterson was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

8. At all times alleged herein, Defendant Epps was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

9. At all times alleged herein, Defendant Toole was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

10. At all times alleged herein, Defendant Cervantes was a police officer employed by the City of Phoenix acting within the course and scope of his employment, and under color of state law. He is a "state actor" as that term is used under the jurisprudence of 42 U.S.C. § 1983.

11. For Plaintiff's claims under Arizona state law, Defendant City of Phoenix is responsible for the conduct of its officers and employees, including Defendants Patterson, Epps, Toole, and Cervantes, and is liable to Plaintiff for the damages resulting from their conduct under the theory of *respondeat superior*.

12. In this Complaint, Defendants Patterson, Epps, Toole, and Cervantes are referred to collectively as "the Officer Defendants."

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

**JURISDICTION AND VENUE**

13. The amount in controversy exceeds the jurisdictional limitations of this Court.

14. This Court has jurisdiction over Plaintiff's federal civil rights claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

15. This Court has supplemental jurisdiction over claims arising under the laws of the State of Arizona under 28 U.S.C. § 1367(a).

16. The events giving rise to this action occurred in Maricopa County, Arizona. Defendant City of Phoenix is a political subdivision of the State of Arizona, and the Officer Defendants reside within Maricopa County, Arizona. Thus, venue is proper in the District of Arizona under 28 U.S.C. § 1391(b).

17. As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim under A.R.S. § 12-821.01 upon the City of Phoenix and the Officer Defendants. The notice of claim complied in all ways with the statute, was timely served, and is deemed denied by operation of law.

**JURY DEMAND**

18. Plaintiff demands a jury trial.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

**A. Officer Defendants Patterson, Epps, Toole, and Cervantes assaulted and battered Israel Devoe.**

19. On the evening of November 3, 2024, Plaintiff Israel Devoe was driving eastbound on Indian School Road.

20. Israel was acting in his role as a supervisor for Allied Universal Security Services. The vehicle he was driving was a fully marked Allied Universal vehicle with a large "Allied Universal" logo on the side and a lightbar on top.

21. An Allied Universal employee that Israel was responsible for supervising was in the passenger seat of the vehicle.

22. Both Israel and the other Allied Universal employee are African American.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

23. At approximately 23:46 hours, Officer Defendants Patterson and Cervantes executed a traffic stop on Israel and his passenger.

24. The Officer Defendants were wearing body-worn cameras ("BWC") at the time of the traffic stop.

25. After initiating the stop, Officer Patterson approached the driver's side window and asked Israel, "You got any guns in the car?" to which Israel responded, "Oh, no." Israel's statement was true. There were no guns in the car.

26. Officer Patterson remarked that Israel was "flying" down Indian School Road. In response, Israel asked Patterson, "How fast was I going?"

27. Patterson ignored Israel's question and responded by asking Israel, "You got a driver's license?"

28. Israel responded, "Of course," and reached for his license.

29. Patterson ignored Israel's cooperation and compliance and ordered Israel to step out of the vehicle, saying: "Actually, we're gonna have you step out of the vehicle, kay?"

30. Israel began to comply with this new order and reached for his seatbelt as Patterson grabbed the driver-side door handle.

31. As Israel attempted to comply with Patterson's order that he exit the vehicle, Patterson opened the door and stepped toward Israel.

32. By stepping into the open doorway, Patterson made it impossible for Israel to exit the vehicle without making physical contact with Patterson.

33. As he opened the door and stepped toward Israel, Patterson demanded that Israel put his hands on his head.

34. At this point, Israel was still buckled into the car. Israel attempted to unbuckle his seat belt with his right hand while holding his wallet with his driver's license in his left hand.

35. As Israel began to exit the vehicle in compliance with Officer Patterson's orders, Officer Patterson grabbed him by the shoulder and forcibly pulled him out of the car.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

36. When Patterson pulled Israel out of the car, Israel feared for his safety and his life. Israel immediately placed his hands in the air in the universal sign of compliance and surrender, and to comply with Patterson's commands.

37. As Israel placed his hands in the air, Officers Toole and Epps closed in on him and joined Patterson in assaulting Israel.

38. Patterson, Toole and/or Epps swept Israel's legs out from under him so that Israel fell to the ground.

39. The three officers then began punching, kneeing, and delivering elbow strikes to Israel's head and body.

40. Once Israel was on the ground, BWC footage captures an officer slamming Israel's head into the pavement.

41. In fear for his safety and his life, Israel repeatedly cried out, "lock me up," "I ain't did nothing," "what are y'all doing," and "what am I doing?"

42. At no point did Israel threaten officers, resist arrest, or make any movement that could be construed as aggressive or resistant.

43. While Patterson, Epps, and Toole were on top of Israel attacking him, Officer Cervantes approached and took control of Israel's feet by crossing his legs at the ankles in what police refer to as a figure-four position.

44. Cervantes' BWC captured Officer Toole, who was sitting on Israel's buttocks, repeatedly striking Israel even though Israel was not resisting and posed no threat.

45. Officer Toole's actions are so obviously unreasonable and excessive that Officer Cervantes pulled on Toole's arm to stop him from continuing to punch Israel, saying, "Hey! Stop. Stop. Stop. Stop. Stop. Stop. Stop. Stop. Stop."

46. Officer Cervantes watched as the other Officer Defendants restrained Israel on the ground. He did not provide assistance to Israel, attempt to de-escalate the other officers' use of force, or intervene on Israel's behalf.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

47. The Officer Defendants jointly participated in the excessive and unreasonable force used against Israel, and at no time did any Officer Defendant attempt to de-escalate the other officers' use of force or intervene on Israel's behalf.

48. After attacking Israel, the Officers falsely arrested Israel and transported him to jail.

**B. Officer Defendants Patterson, Epps, Toole, and Cervantes lied in their reports and under oath to cover their wrongdoing**

49. The Officer Defendants falsified their police reports in order to cover up their unjustified attack and to have Israel falsely and maliciously prosecuted.

50. In his report, Patterson falsely claimed that Israel disobeyed his commands and was resisting arrest.

51. Patterson falsely claimed in his report that Israel was resisting arrest by placing his hands in the air: "Israel then became to exit the vehicle and placed both of his hands in the air. Officer Epps, Officer Toole and I then went to grab Israel's arms in order to place him into handcuffs, however, Israel began to tense his arms, which I recognized to be a pre-attack indicator per my training and experience, and furthermore, this action prevented officers from placing his arms down behind his back."

52. In fact, Israel had placed his hands in the air because he was attempting to comply with Patterson's order that he place his hands on top of his head, and to signal clearly that he was not a threat.

53. Officer Epps falsely claimed in his report that Israel "was able to utilize many techniques consistent with Jujitsu such as leg lock, wrist locks, swimming out of grips, and shrimping out of mounts."

54. Epps continued: "Also in my experience with martial arts, he was wearing a Jiu-Jitsu gi which is commonly worn by people who are well-versed in martial arts, specifically Brazilian jiu-jitsu. Typically in the martial arts world specific items of clothing are earned through what can be considered as a rite of passage or advanced training."

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

55. All of these assertions were fabrications invented to cover up for their unprovoked physical attack on Israel.

56. Officer Cervantes falsely wrote a report asserting that "[Israel] committed aggravated assault as [Israel] grabbed onto three officers as they were attempting to place him in handcuffs and during the struggle on the road, it put officers in imminent danger due to the defendant actively resisting on an active roadway with oncoming traffic."

57. Officer Cervantes also fabricated statements in his report that Israel "also committed resisiting (sic) arrest as [Israel] prevented an arrest to be made while officers were giving lawful commands to place his hands behind his back." This was not true.

58. Officer Cervantes also falsely claimed that "Patterson and Israel were observed getting physical as Israel moved towards Officer Patterson." This was a fabrication.

59. Officer Cervantes also intentionally omitted from his report the fact that he had to stop Officer Toole from repeatedly punching Israel while Israel was not resisting and restrained on the ground.

60. Officer Cervantes' statements were knowing fabrications.

61. In his report, Officer Toole falsely claimed that Israel resisted arrest, that Israel repeatedly "kicked" Officer Epps, and that Israel placed Officer Toole in a "wrist lock," and that Israel "overpowered [him] multiple times." These were intentional and knowing fabrications by Officer Toole.

62. The Officers' false statements were fabrications that were intended to cover up for the Officers' unprovoked attack on Israel, to justify the false arrest of Israel, and to cause Israel's prosecution.

63. Based on the Officers' fabrication of this evidence in their reports, Israel was indicted on three counts of aggravated assault on an officer and one count of resisting arrest.

64. Israel was never cited for speeding or any other alleged violation to justify the encounter in the first place.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

65. Israel's criminal charges, which carried potential prison time, loomed heavily for almost a year, which caused significant distress and uncertainty.

66. Because he was innocent, Israel refused to accept a misdemeanor plea offer and took the matter to trial.

67. At trial, the Defendant Officers repeated the false and fabricated statements contained in their reports under oath.

68. On September 8, 2025, a jury found Israel not guilty on all charges:

> We, the Jury, duly empanelled and sworn in the above-entitled action, upon our oaths, do find the Defendant as to Count 1: Aggravated Assault:
>
> **Not Guilty.**
>
> We, the Jury, duly empanelled and sworn in the above-entitled action, upon our oaths, do find the Defendant as to Count 2: Aggravated Assault:
>
> **Not Guilty.**
>
> We, the Jury, duly empanelled and sworn in the above-entitled action, upon our oaths, do find the Defendant as to Count 3: Aggravated Assault:
>
> **Not Guilty.**
>
> We, the Jury, duly empanelled and sworn in the above-entitled action, upon our oaths, do find the Defendant as to Count 4: Resisting Arrest:
>
> **Not Guilty.**
>
> The jurors reply that these are their true verdicts.

## COUNT I
### Malicious Prosecution under Arizona State Law
### (Against Defendants City of Phoenix, Patterson, Epps, Toole, and Cervantes)

69. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

70. Defendants Patterson, Epps, Toole, and Cervantes initiated and took an active part in the prosecution of a criminal action against Israel Devoe.

71. The action or proceeding terminated in Plaintiff's favor when Israel was found not guilty on September 8, 2025.

72. Defendants Patterson, Epps, Toole, and Cervantes initiated the prosecution without probable cause.

73. Defendants Patterson, Epps, Toole, and Cervantes acted with malice.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

74. Defendants Patterson, Epps, Toole, and Cervantes' malicious conduct caused injury, damage, or loss to Plaintiff Israel Devoe.

75. Defendant City of Phoenix is vicariously liable for the malicious prosecution committed by Defendants Patterson, Epps, Toole, and Cervantes.

**COUNT II**
**42 U.S.C. § 1983 – Violation of Fourth Amendment**
**Right to be Free from Excessive Force**
**(Against the Officer Defendants)**

76. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

77. Israel Devoe has a Fourth Amendment right to be free from unlawful searches and seizures and from excessive force.

78. The Officer Defendants violated Israel Devoe's Fourth Amendment rights when they used excessive force against him.

79. Because the Defendants' actions were done knowingly, intentionally, and maliciously, Israel Devoe is entitled to recover compensatory and punitive damages.

**COUNT III**
**42 U.S.C. § 1983 – Violation of Fourth Amendment**
**Right to be Free from False Arrest**
**(Against the Officer Defendants)**

80. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

81. Israel Devoe has a Fourth Amendment right to be free from unlawful searches and seizures, including false arrests.

82. The Officer Defendants violated Israel Devoe's Fourth Amendment rights when they arrested him without probable cause to believe that he had committed a crime.

83. Israel Devoe suffered damages as a result of the deprivation of his Fourth Amendment right to be free from false arrest.

84. Defendants' actions in falsely arresting Israel Devoe were done knowingly, intentionally, maliciously, or with reckless disregard to his constitutional rights, and Israel Devoe is entitled to recover compensatory and punitive damages.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

**COUNT IV**
**42 U.S.C. § 1983 – Violation of Fourth Amendment**
**Right to be Free from Malicious Prosecution**
**(Against the Officer Defendants)**

85. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

86. Israel Devoe has a Fourth Amendment right to be free from malicious prosecution.

87. The Officer Defendants violated Israel Devoe's Fourth Amendment rights when they initiated his prosecution without probable cause to believe that he had committed a crime.

88. The officers initiated the prosecution maliciously to cover up and avoid responsibility for their use of excessive force.

89. Israel Devoe suffered damages as a result of the deprivation of his Fourth Amendment right to be free from malicious prosecution.

90. Defendants' actions in initiating the prosecution of Israel Devoe were done knowingly, intentionally, maliciously, or with reckless disregard to his constitutional rights, and Israel Devoe is entitled to recover compensatory and punitive damages.

**COUNT V**
**42 U.S.C. § 1983 – Violation of Fourteenth Amendment**
**Right to be Free from Prosecution Based on Deliberately Falsified Evidence**
**(Against the Officer Defendants)**

91. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

92. Israel Devoe has a Fourteenth Amendment right to be free from prosecution based on false evidence that was deliberately fabricated.

93. The Officer Defendants deliberately fabricated their statements and reports to allege falsely that Israel had resisted arrest.

94. The Officer Defendants' fabricated reports were used to criminally charge and prosecute Israel.

95. The Officer Defendants' conduct violated Israel's right to be free from prosecution based on false evidence that was deliberately fabricated.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

**COUNT VI**
**42 U.S.C. § 1983 – *Monell* Claim**
**(Against Defendant City of Phoenix)**

96. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

97. Defendant City of Phoenix was deliberately indifferent to the proper training and supervision of its employees, including the Officer Defendants, regarding the appropriate use of force.

98. The City of Phoenix has policies, customs, or procedures that were deliberately indifferent to the rights of citizens to be free from excessive force, including the following:

- failing to train its officers regarding the proper use of force;
- allowing and encouraging Phoenix police officers to escalate situations by using force that was not reasonable or necessary under the circumstances;
- training officers that they can use as much force as they like so long as they can "articulate" a reason for doing so, even if that reason is unreasonable and asserted after the fact;
- failing to review uses of force, use of force reports, and failing to adequately monitor, investigate, discipline, and retrain officers involved in excessive force incidents, and, therefore, creating a culture of impunity that encouraged officers to use excessive force;
- failing to monitor and investigate the frequency and extent of officer uses of force; and
- failing to monitor and identify officers who use excessive force.

99. The City of Phoenix was deliberately indifferent to the Fourth Amendment rights of members of the public, including Israel Devoe.

100. The City of Phoenix's unconstitutional policies, customs, and procedures caused or contributed to the deprivation of Israel Devoe's rights under the Fourth Amendment.

ROBBINS CURTIN MILLEA & SHOWALTER, LLC
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 400-4400 ♦ Fax: (602) 265-0267

101. The City of Phoenix is liable for all damages arising from the constitutional violations it caused.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For special damages, including but not limited to current and future medical fees and expenses, lost wages, and other economic losses;

B. For general and compensatory damages, including but not limited to pain and suffering, emotional distress, and loss of enjoyment of life;

C. For punitive damages against the Officer Defendants;

D. For taxable costs and pre- and post-judgment interest to the extent permitted by law;

E. For attorneys' fees and costs under 42 U.S.C. § 1988 to the fullest extent permitted by law; and

F. Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED: September 8, 2026

**ROBBINS CURTIN MILLEA & SHOWALTER, LLC**

By: /s/ Jesse M. Showalter
Jesse M. Showalter
Lauren E. Channell
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
*Attorneys for Plaintiff Israel Devoe*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.

By: /s/ Julie W. Molera